**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

KATHLEEN MATHIS,

    Plaintiff,

v.                                              Case No. 3:16-cv-1386-J-32PDB

CSX CORPORATION SHORT
TERM DISABILITY PLAN,

    Defendant.

_____

# **O R D E R**

This ERISA case is before the Court on Defendant CSX Corporation Short Term Disability Plan's (the "Plan") Motion for Final Judgment or, Alternatively, Summary Judgment (Doc. 13). On January 25, 2018, the assigned United States Magistrate Judge issued a Report and Recommendation ("R&R"), (Doc. 21), recommending that the decision denying benefits be affirmed. Plaintiff Kathleen Mathis objected to the R&R, (Doc. 22), on three grounds: (1) the conclusion that Mathis had no psychiatric functional limitations on her ability to perform her occupation as a software engineer for the time period of September 29, 2015 through November 4, 2015 is contrary to the overwhelming evidence of record; (2) the conclusion that certain opinions of Dr. Becker do not support a finding that Mathis was disabled is contrary to the evidence; and (3)

that MetLife's reliance on Dr. Becker's opinions was not reasonable or supported by the evidence. The Plan responded, arguing that the Court should ignore Mathis's objections because she did not object to the finding that she was not disabled as a result of her failure to comply with prescribed treatment, and providing reasons why Mathis's objections are incorrect or meritless. (Doc. 23).

On this record, MetLife could have awarded benefits for the disputed period. However, Mathis has not demonstrated that MetLife's denial of benefits was arbitrary and capricious.[1] As long as MetLife's denial had a reasonable basis, then "it must be upheld as not being arbitrary or capricious, even if there is evidence that would support a contrary decision." White v. Coca-Cola Co., 542 F.3d 848, 856 (11th Cir. 2008) (quotations omitted) (quoting Jett v. Blue Cross & Blue Shield of Ala., Inc., 890 F.2d 1137, 1140 (11th Cir. 1989)). "Even where [Mathis's] own doctors offered different medical opinions than MetLife's independent doctors, the plan administrator may give different weight to those opinions without acting arbitrarily and capriciously." See Blankenship v. Metro. Life Ins. Co., 644 F.3d 1350, 1356 (11th Cir. 2011). Though this is a close case, the Court cannot find that MetLife acted arbitrarily and capriciously.

---

[1] The Magistrate Judge decided to "forgo de novo review . . . and proceed to the easier issue of whether MetLife's decision is arbitrary and capricious . . . ." (Doc. 21 at 20).

2

Upon de novo review of the file and for the reasons stated in the Report and Recommendation (Doc. 21), it is hereby

**ORDERED:**

1. Plaintiff's Objections to the Report and Recommendation (Doc. 22) are **OVERRULED**.

2. The Report and Recommendation of the Magistrate Judge (Doc. 21), as supplemented by the Court's Order, is **ADOPTED** as the opinion of the Court.

3. Defendant's Motion for Final Judgment or, Alternatively, Summary Judgment (Doc. 13) is **GRANTED**.

4. The Clerk shall enter judgment for CSX Corporation Short Term Disability Plan and against Kathleen Mathis, and then close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 15th day of March, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

jb
Copies to:

Honorable Patricia D. Barksdale
United States Magistrate Judge

Counsel of record